SARAH B. SCHLEHR (SBN 229523)
STACEY R. BROWN (SBN 245661)
THE SCHLEHR LAW FIRM, P.C.
2600 W Olive Avenue, 5th Floor #4006
Burbank, CA 91505
sarah@pregnancylawyer.com
stacey@pregnancylawyer.com
(310) 492-5757 Phone
(310) 601-7959 Fax

Attorneys for Plaintiff
Faye Ly

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

FAYE LY,
an individual,

Plaintiff,

v.

F5, INC., a corporation; and DOES 1-10,

Defendants.

Case No.: ______________________

**COMPLAINT FOR:**

1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**
2. **RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 & § 12945.2 ET SEQ.**
3. **FAILURE TO INVESTIGATE & PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(J) AND(K)**
4. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**
5. **RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 USC § 2601 ET SEQ.**
6. **BREACH OF IMPLIED COVENENT OF GOOD FAITH AND FAIR DEALING**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
8. **VIOLATION OF CALIFORNIA LABOR CODE § 1198.5**
9. **VIOLATION OF LABOR CODE § 226**

**DEMAND FOR A JURY TRIAL**

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

Plaintiff Faye Ly ("Plaintiff") hereby brings this action against Defendant F5, Inc. ("F5" or "Defendant") for general, compensatory, special damages, interest as allowed by law, costs, attorneys' fees, and other appropriate and just relief due to Defendants' unlawful conduct, which Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff presents federal claims for relief that arise under 42 U.S.C. 2601, *et seq*. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

2. Plaintiff is a resident of the State of California and was employed by Defendant F5 in San Jose, California. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendant F5 was and is incorporated in the State of Washington, and that its principal place of business was and is in Seattle, Washington. The amount in controversy is greater than $75,000, exclusive of attorney's fees and costs. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. § 1332.

3. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

4. Plaintiff is a resident of the State of California. Plaintiff was employed by Defendants in the State of California in the County of Santa Clara.

5. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendant F5 was her employer.

6. The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this complaint to show their names and capacities when the same have been ascertained.

7. At all times relevant herein, each Defendant designated herein, including DOES 1 through 10, was the agent, partner, joint venturer, joint employer, representative, servant, employee, alter ego, integrated enterprise/employer, and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment. All acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

8. This action is brought pursuant to California Government Code section 12900 et seq., and the corresponding regulations of the California Civil Rights Department (formerly the Department of Fair Employment and Housing), the United States Code, 29 U.S.C. § 2601 et seq., and the corresponding Code of Federal Regulations.

## GENERAL ALLEGATIONS

9. Defendant F5 is a technology company specializing in application security, multi-cloud management, and application delivery networking.

10. After Plaintiff completed her first interview, Defendant actively courted Plaintiff to employ her in the position of Senior Product Manager. Plaintiff successfully completed a complicated interview process, including interviewing with at least 7 individuals with Defendant. At the conclusion of the interview process, Defendant offered Plaintiff an attractive package.

11. Plaintiff had 20 years of engineering experience before becoming a product manager. During her engineering career, Plaintiff published multiple engineering standards and was the Chairperson of the Internet Engineering Task Force (IEFT) AToMMIB working group, demonstrating the communication skills that set the path for her to become a product manager in 2006.

12. Plaintiff accepted Defendant's offer of employment. On January 17, 2023, Defendant began employing Plaintiff in the position of Senior Product Manager.

13. During Plaintiff's employment, Defendant entrusted Plaintiff to manage the "rSeries," a next-generation hardware appliance platform. Plaintiff successfully oversaw and managed the rSeries. Plaintiff was also the lead for the s15k, the next generation of the Series. In

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

Plaintiff's role, she worked with large clients to ensure that the rSeries was compatible with their specific platform and software, which required creating software specific to that client.

14. Recognizing Plaintiff's outstanding work and contributions, Defendant issued high performance ratings of "Meaningful Impact" in both fiscal year 2023 and fiscal year 2024.

15. Based on her strong performance Plaintiff received full quarterly Management by Objectives ("MBO") bonuses throughout the 2023 and 2024 fiscal years. Plaintiff also earned a full quarterly bonus on December 31, 2024, the first quarter of fiscal year 2025.

16. In late 2024, Plaintiff learned that James Glover ("Glover"), Senior Director, Product Management, would become her direct supervisor in the new year. Plaintiff was pleased by this change because she believed that the two of them had a good working relationship and Glover had been complementary of Plaintiff's work.

17. In January 2025, Plaintiff began experiencing medical complications. Upon examination and testing, her medical provider determined that Plaintiff required urgent surgery to address a high cancer risk.

18. Plaintiff's medical provider recommended a six-week recovery period following the medically necessary surgery, which was scheduled for February 19, 2025.

19. On February 4, 2025, Plaintiff notified her supervisor, Glover, that she would need to take FMLA leave for the surgery and recovery.

20. On February 12, 2025, Plaintiff contacted Human Resources to initiate the leave process.

21. On February 14, 2025, Plaintiff submitted a formal Leave of Absence Notification Form to Defendant F5's Benefits Team, copying Glover, requesting continuous leave from February 19, 2025, through April 1, 2025.

22. Defendant, through its third-party leave administrator, approved Plaintiff's requested leave from February 19, 2025, through April 1, 2025, and designated her leave as leave under the California Family Rights Act ("CFRA") and the Family and Medical Leave Act ("FMLA").

23. On February 18, 2025, the day before her leave was scheduled to begin, Plaintiff

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

met with Glover. In that meeting, they discussed how tasks and assignments for which Plaintiff would usually be responsible would be handled during her leave.

24. They agreed that specific tasks/assignments would be delegated to specific individuals and that Glover would be responsible for assigning the delegated tasks to the agreed individuals during Plaintiff's leave. Glover also planned to take on some of Plaintiff's responsibilities directly during her leave.

25. During Plaintiff's leave of absence, Defendant issued Plaintiff the lowest MBO bonus she had ever received. The bonus was issued during the second quarter of the fiscal year, during which Plaintiff was out on an approved medical leave for approximately half of the quarter.

26. Plaintiff returned to work as planned on Thursday, April 3, 2025.

27. When Plaintiff returned to work and began catching up on her projects, she realized that many of the critical tasks and assignments which had been delegated to her team members, including Glover, were not completed. This caused Plaintiff great concern as she had only until April 30, 2025, to complete her tasks and meet her mid-year targets.

28. Defendant required Plaintiff to travel to Spokane, Washington, the week of April 7, 2025, with Glover and the rest of her team. During that trip, Defendant asked Plaintiff to present to a group of 40-50 of Defendant's employees, including engineers, managers, senior directors, and vice presidents. Defendant asked Plaintiff to speak about the new s15k product she was working on, including discussing which customers might find s15K useful and how. Plaintiff's presentation was well received.

29. While in Spokane, Glover ignored Plaintiff and treated her in a hostile manner.

30. Plaintiff attempted to speak with Glover about the delegated tasks that were not completed during her leave. Glover did not respond to Plaintiff's concerns in any meaningful way or provide feedback or support.

31. During the week that Plaintiff was in Spokane, she had limited opportunity to catch up on the work that had not been completed during her leave.

32. Plaintiff and her team returned to the office on or about April 14, 2025. Upon

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

return, Defendant required Plaintiff to work on time-consuming tasks on a specific FIPS platform. The project was outside of Plaintiff's role. It required Plaintiff to spend significant time familiarizing herself with the product and the specific issues related to the project and to address those issues. Defendant required Plaintiff to complete the FIPS assignment by the end of the week even though Plaintiff needed to work on completing her own tasks and assignments, including tasks that had been delegated but not completed by others during her leave.

33. Plaintiff successfully completed the FIPS platform assignment in the time requested. However, in order to complete the FIPS project in the short turn around required, Plaintiff focused nearly all of her efforts on the project, and was unable to spend the significant time necessary to complete tasks on her own projects, including the tasks that had been delegated but not completed by others during Plaintiff's leave.

34. Plaintiff was finally able to focus on completing her own tasks, assignments, and mid-year targets the week of April 21, 2025, just nine days before her end of April deadline.

35. On April 30, 2025, Plaintiff met with Glover for a standard mid-year review. The review was delayed from the end of March because of Plaintiff's leave.

36. On April 30, 2025, twenty-seven days after Plaintiff returned from protected leave, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP"). Defendant cited vague and pretextual reasons for placing Plaintiff on the PIP, including alleged deficiencies in "communication skills and process awareness." The PIP required "weekly follow-ups to discuss progress in performance, including communication, teamwork, and process awareness."

37. Plaintiff was shocked by the negative feedback and discipline and asked for examples of performance deficiencies which formed the basis of the PIP. Glover did not provide any details and instead spoke only in generalities.

38. The PIP was vague and did not provide a timeframe or specific or objective performance benchmarks, making it impossible for Plaintiff to understand or address Defendant's purported concerns.

39. When Plaintiff asked for the timeframe and benchmarks, Glover refused to provide them and instead deferred to Human Resources.

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

40. Prior to Plaintiff requesting and taking medical leave, Defendant had not issued any warnings to Plaintiff about any purported work or communication deficiencies, nor did Defendant otherwise document any of the concerns that were first raised in the PIP. To the contrary, prior to Plaintiff's request for leave, Defendant provided ongoing positive feedback and performance reviews.

41. In the twenty-seven days between when Plaintiff returned to work following medical leave and when the PIP was issued, Defendant did not issue any warnings to Plaintiff about any purported work or communication deficiencies.

42. Plaintiff emailed Glover, Human Resources Representative, Kristin Brunner ("Brunner"), and F5 Vice President and General Manager, Maggie Stringfellow ("Stringfellow") on May 2, 2025. Plaintiff contested the PIP, stated that this was the first time she had heard about any alleged performance issues and requested specific examples and clarification.

43. On May 8, 2025, Plaintiff attended the first weekly follow-up with Glover, as set forth in the PIP. Plaintiff again asked for more details about the PIP, including the duration. Glover, again, refused to provide the requested information, stating that he needed to follow-up with Human Resources. During the May 8, 2025, meeting, Glover remained unable to provide specific examples of where Plaintiff's performance deviated from Defendant's practices and procedures.

44. One of the performance issues in the PIP was that Plaintiff "worked out of sequence." Glover said that he would create a "workflow diagram" to explain how Plaintiff "worked out of sequence." However, Glover never provided the "workflow diagram" or otherwise demonstrated how Plaintiff did not follow the proper and accepted processes for product development.

45. During Plaintiff's employment, she followed Defendant's well-defined process for developing new products, known as the Lifecycle Management Framework ("LMF").

46. Concerned by the PIP, Plaintiff requested copies of her past performance reviews. On May 9, 2025, Plaintiff learned that Defendants had deleted her detailed past performance reviews, leaving only her overall ratings of "Meaningful Impact."

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

47. Defendant's past performance reviews of Plaintiff contained positive feedback and comments, supporting the "Meaningful Impact" rating Defendant gave to Plaintiff for Fiscal Years 2023 and 2024.

48. Defendant's destruction of Plaintiff's positive past performance reviews limited Plaintiff's ability to defend herself against the sudden PIP, paving the way for Defendant's retaliatory discipline and subsequent termination of Plaintiff's employment.

49. On May 14, 2025, Plaintiff submitted a complaint to Glover and Brunner, again contesting the disciplinary action initiated against her in the PIP. Plaintiff reported her concerns that Defendant subjected her to unsubstantiated performance concerns and disparate treatment compared to other Product Managers. She also complained that she was being treated more harshly than other product managers and included specific examples of where Defendant was holding her to a higher standard. Plaintiff documented a number of instances where Defendant treated her differently from other similarly situated employees. By way of example, Defendant accused Plaintiff of not properly following the processes in place to test and create new platform features, but A.C., another product manager, took similar action as Plaintiff and was not subject to discipline.

50. Plaintiff also provided a response to and refuted instances in which Glover claimed her performance or communication was somehow lacking, including demonstrating how she was being treated differently from other product managers.

51. Defendant also disciplined Plaintiff for the non-completion of tasks that were not in Plaintiff's control, including cross-functional projects which required feedback and approval from other individuals. Significantly, there were certain tasks which Defendant disciplined Plaintiff for being "late" on, which were tasks that were to be handled by others during Plaintiff's leave of absence, including tasks which Glover was supposed to handle.

52. Plaintiff took approved PTO from May 15, 2025, to May 30, 2025, to attend her son's wedding, which was out of the country.

53. On June 5, 2025, Defendant scheduled the second required weekly follow-up. Plaintiff attended the meeting with Glover and again requested information about the duration of

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

the PIP and benchmarks. Glover failed to provide the information, again claiming that that he would check with Human Resources. Glover also acknowledged receiving Plaintiff's complaint of disparate treatment and said he would "follow-up."

54. Defendant never responded to Plaintiff's complaints about the PIP, including that Defendant was subjecting her to disparate treatment and that the purported performance concerns were unsubstantiated.

55. Defendant also refused to provide Plaintiff with basic information she requested. For example, after Plaintiff sought clarification about Defendant's complaint that Plaintiff was "working out of sequence," Glover agreed to provide Plaintiff with a workflow diagram, which he never did. Defendant also refused to provide Plaintiff with information about benchmarks, making it impossible for Plaintiff to understand how to successfully address Defendant's vague concerns.

56. On June 18, 2025, Glover unilaterally cancelled their June 19 weekly follow-up. Glover did not reschedule, instead he told Plaintiff that they would resume the weekly follow-up the next week.

57. Through June 18, 2025, Defendant did not provide Plaintiff with any meaningful feedback about whether she had addressed the purported concerns raised in the PIP.

58. Rather than reschedule the June 19 meeting, Glover required Plaintiff to give an update by email, to be submitted by 1 p.m. on June 20. For the first time, Glover also provided a timeframe for the PIP, stating vaguely that he confirmed the timeframe was "several weeks." Glover went on to state, "That means the activity will not continue into next quarter."

59. Unbeknownst to Plaintiff at the time, as of June 18, 2025, Defendant had already made the decision to move forward with the termination of Plaintiff's employment, with a proposed separation date of June 26, 2025.

60. Despite Plaintiff's repeated requests for a timeframe for the PIP, Defendant refused to provide a timeframe until after Defendant had made the decision to terminate Plaintiff's employment.

61. On June 26, 2025, exactly twelve weeks after Plaintiff returned from protected

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

FMLA and CFRA leave, and eight weeks after Defendant first claimed that Plaintiff's performance was deficient, Defendant terminated Plaintiff's employment effective that same day.

62. Defendant claimed that Plaintiff failed to meet the requirements of the PIP.

63. Defendant terminated Plaintiff's employment despite Plaintiff's past positive performance and despite Glover's determination that he had seen significant improvement in her performance.

64. By terminating Plaintiff's employment before the end June 2025, Defendant denied Plaintiff her earned bonus for that quarter.

65. Plaintiff properly exhausted her administrative remedies as required by law by filing a complaint with the California Civil Rights Department and received a "Right to Sue" letter on May 4, 2026.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF CALIFORNIA**

**GOVERNMENT CODE § 12940 ET SEQ.**

**(Against All Defendants)**

66. Plaintiff realleges and incorporates herein each preceding paragraph of this complaint as though fully set forth.

67. At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on Defendants. Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 et seq., it is an unlawful employment practice for an employer, because of the disability, perceived disability, history of disability, or perceived potential disability of a person, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in the terms, conditions, or privileges of employment.

68. During Plaintiff's employment, Plaintiff was a person with a disability, had a record or history of a disability, and/or Defendants perceived or regarded Plaintiff as a person with a disability or a perceived potential disability.

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

69. Because of Plaintiff's disability, perceived disability, history of disability, and/or perceived potential disability, Defendants regarded Plaintiff as a person with a disability.

70. During Plaintiff's employment, Plaintiff was a person with a medical condition, had a record or history of a medical condition, and/or Defendants perceived or regarded Plaintiff as a person with a medical condition or a perceived medical condition. Because of Plaintiff's medical condition/perceived medical condition, and/or history of medical condition, Defendants regarded Plaintiff as a person with a medical condition.

71. As a direct, legal, and proximate result of Plaintiff's disability, history of disability, and/or perceived disability, Defendants discriminated against Plaintiff by placing Plaintiff on a Performance Improvement Plan ("PIP"), terminating Plaintiff's employment, and by adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

72. As a direct, legal, and proximate result of Plaintiff's medical condition, history of medical condition, and/or perceived medical condition, Defendants discriminated against Plaintiff by placing Plaintiff on a Performance Improvement Plan ("PIP"), terminating Plaintiff's employment, and by adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

73. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate for any increased income tax-liability that may arise from a lump sum damages award for economic damages.

74. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

believes and thereupon alleges that said emotional suffering will continue for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

76. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

77. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the California Fair Employment and Housing Act. Plaintiff further requests permanent injunctive relief, including without limitation, that (a) Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's privacy; (b) Defendants be required to provide specialized training to its management and employees regarding discrimination and retaliation; and (c) Defendants be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder.

## <u>SECOND CAUSE OF ACTION</u>

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ. and § 12945.2 ET SEQ.

**(Against All Defendants)**

78. Plaintiff realleges and incorporates herein each preceding paragraph of this

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

complaint as though fully set forth.

79. Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940(h), it is an unlawful employment practice for an employer or person to discharge, expel, or otherwise discriminate against any person because the person engaged in certain protected activities, including opposing discrimination, requesting a reasonable accommodation, or taking or requesting a job protected leave.

80. California Government Code section 12940(m)(2) makes it unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation, regardless of whether the request for accommodation was granted.

81. California Government Code section 12945.2(l) makes it unlawful to retaliate or discriminate against an individual for exercising their right to family care or medical leave.

82. Plaintiff was eligible for and took leave under the CFRA and FMLA during her employment with Defendants.

83. Plaintiff engaged in numerous protected activities while employed with Defendants, including but not limited to requesting and taking a leave of absence protected by both CFRA and FMLA for her own serious medical condition, requesting accommodations, and complaining about disparate treatment.

84. Defendants retaliated against Plaintiff by placing her on a Performance Improvement Plan ("PIP"), terminating her employment, and by adversely impacting the compensation, terms, conditions, and privileges of Plaintiff's employment.

85. Plaintiff's protected activities were a substantial factor in Defendant taking adverse actions against her.

86. Defendants' conduct as alleged herein constitutes unlawful retaliation in employment because of Plaintiff's protected activity, in violation of California Government Code sections 12940(h), 12940(m)(2), and 12945.2(l).

87. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate for any increased income tax-liability that may arise from a lump sum damages award for economic damages.

88. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that said emotional suffering will continue for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

89. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute the claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

90. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

91. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the California Fair Employment and Housing Act, or as otherwise specified by the Court. Plaintiff further requests permanent injunctive relief, including without limitation, that (a) Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

privacy; (b) Defendants be required to provide specialized training to its management and employees regarding discrimination and retaliation; and (c) Defendants be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder.

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940(J) AND (K)**

**(Against All Defendants)**

92. Plaintiff realleges and incorporates herein each preceding paragraph of this complaint as though fully set forth.

93. Under the Fair Employment and Housing Act ("FEHA"), California Government Code sections 12940(j) and (k), employers are required to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, to promptly and thoroughly investigate complaints of discrimination and retaliation, and to take immediate and appropriate corrective action to end discrimination and retaliation.

94. As a direct, legal, and proximate result of Plaintiff's disability, perceived disability, and protected leave, Defendants discriminated and retaliated against Plaintiff by placing her on a Performance Improvement Plain ("PIP"), terminating her employment, and adversely affecting the compensation, terms, and conditions, of Plaintiff's employment.

95. Defendants failed to promptly and/or adequately take all reasonable steps necessary to investigate and prevent discrimination and retaliation from occurring after Plaintiff took a medical leave of absence and requested reasonable accommodations.

96. In failing and/or refusing to investigate or take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take all reasonable steps necessary to prevent the discrimination and retaliation from occurring, Defendants, and each of them, violated California Government Code sections 12940(j) and (k).

97. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate her for any increased income tax liability that may arise from a lump sum damages award for economic damages.

98. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that said emotional suffering will continue for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

99. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute the claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

100. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents, employees, and supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

101. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the California Fair Employment and Housing Act, or as otherwise specified by the Court.

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF LABOR CODE § 1102.5**

**(Against All Defendants)**

102. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

103. The California Labor Code section 1102.5(b) makes it unlawful for an employer to retaliate against an employee, "for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Cal. Lab. Code § 1102.5(b).

104. Following Plaintiff's return from leave, she was placed in a PIP. In response, Plaintiff complained about disparate treatment to her supervisor and to Human Resources.

105. After Plaintiff engaged in protected activities, Defendants retaliated against Plaintiff by engaging in adverse actions including, but not limited to, terminating Plaintiff's employment, and by otherwise adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

106. Plaintiff's protected activities were a contributing factor in Defendants' adverse actions towards Plaintiff.

107. Defendants' conduct as alleged herein constitutes unlawful retaliation in violation of California Labor Code section 1102.5.

108. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate him for any increased income tax-liability that may arise from a lump sum damages award for economic damages.

109. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that said emotional suffering will continue for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

110. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Labor Code section 1102.5(j).

111. The acts taken toward Plaintiff were carried out and/or ratified by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct causing Plaintiff harm. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

112. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the Labor Code, or as otherwise specified by the Court. Plaintiff further requests permanent injunctive relief, including without limitation, that (a) Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's privacy; (b) Defendants be

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

required to provide specialized training to its management and employees regarding discrimination and retaliation; and (c) Defendants be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder.

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 US CODE § 2601 ET SEQ.**

**(Against All Defendants)**

113. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

114. At all times herein mentioned, United States Code section 2601 et seq. was in full force and effect and was binding on Defendants. Under the Family and Medical Leave Act ("FMLA"), United States Code section 2601, it is an unlawful employment practice for an employer with fifty (50) or more employees within a seventy-five (75) mile radius of the worksite where the employee is employed, to refuse to grant a request by an employee with more than twelve (12) months of service with the employer, and who has at least one thousand two hundred and fifty (1,250) hours of service with the employer during the previous twelve (12) month period, to take a total of twelve (12) workweeks of family care and medical leave. The FMLA, 29 USC §2615(a)(1), provides, "[i]t shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." The FMLA, 29 USC § 2615(a)(2), further provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

115. At all times herein mentioned, Defendants were employers as defined by the FMLA. Specifically, Plaintiff is informed and believes that Defendants employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksite.

116. Plaintiff took job-protected FMLA leave from February 19, 2025, through April 2, 2025, for a serious health condition. Plaintiff returned to work on April 3, 2025. Defendants subjected Plaintiff to adverse employment actions immediately upon her return from FMLA

leave, including placing her on a Performance Improvement Plan ("PIP"). terminating her employment, and otherwise adversely affecting the compensation, terms, conditions, and privileges of Plaintiff's employment.

117. The FMLA leave requested and taken by Plaintiff was a motivating factor in Defendants' decision to place Plaintiff on a PIP, terminated her employment, and otherwise adversely affect the compensation, terms, conditions, and privileges of Plaintiff's employment.

118. Defendants terminated Plaintiff's employment in retaliation for Plaintiff requesting and taking a job-protected FMLA leave in violation of 29 USC § 2615(a)(2).

119. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to 29 USC § 2617. Plaintiff also claims prejudgment interest and liquidated damages as provided for by 29 USC § 2617. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate for any increased income tax liability that may arise from a lump sum damages award for economic damages.

120. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute the claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 29 USC § 2617(a)(3).

121. Plaintiff also seeks liquidated damages in an amount equal to the sum of the amount of lost wages, salary, employment benefits, or other compensations denied to Plaintiff as a result of Defendant's violation of the Family and Medical Leave Act, as provided for by 29 USC § 2617(a)(1)(A)(3).

122. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the Family and Medical Leave Act, or as otherwise specified

**The Schlehr Law Firm, P.C.**
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

by the Court.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENENT OF GOOD FAITH AND FAIR DEALING

**(Against All Defendants)**

123. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

124. In every employment agreement, there is an implied promise of good faith and fair dealing. Employers are not to do anything to unfairly interfere with the rights of their employees to receive the benefits of the employment relationship.

125. Plaintiff and Defendants had entered into an employment relationship.

126. Defendants' Offer of Employment, which was accepted by Plaintiff, included a Management by Objections/MBO Bonus: "The bonus is based upon your performance against goals defined by your manager and is earned quarterly. You will be eligible to receive a variable bonus of up to 10% of base salary, $21,000per year [sic]. To be eligible for the bonus payment you must be an active employee or on an approved leave of absence through the end of the quarter."

127. Although Plaintiff substantially performed her job duties and met the conditions necessary to earn her bonus for the quarter ending on March 31, 2026, Defendants issued Plaintiff the lowest MBO bonus she had ever received. The bonus was issued during the second quarter of the fiscal year, during which Plaintiff was out on an approved medical leave for approximately half of the quarter.

128. Although Plaintiff substantially performed her job duties and met the conditions necessary to earn her bonus at the end of June 2025, Defendants terminated her employment on June 26, 2025, just before the end of the quarter, to deny her any bonus for that quarter.

129. Defendants' termination of Plaintiff's employment on June 26, 2025, was done to avoid issuing Plaintiff her earned bonus for the quarter ending four days after Plaintiff's termination, on June 30, 2025, depriving Plaintiff of the benefits of the employment agreement.

130. By engaging in the foregoing conduct, including terminating Plaintiff's

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

employment just before the end of June 2025, Defendants breached the implied covenant of good faith and fair dealing, denying Plaintiff the benefits of her employment agreement.

131. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate her for any increased income tax liability that may arise from a lump sum damages award for economic damages.

132. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress. Plaintiff is informed and believes and thereupon alleges that said emotional suffering will continue for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

133. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents, employees, and supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

134. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the employment agreement, or as otherwise specified by the Court. Plaintiff further requests permanent injunctive relief, including without limitation, that (a) Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

(and the nature of such violations) while maintaining Plaintiff's privacy; (b) Defendants be required to provide specialized training to its management and employees regarding discrimination and retaliation; and (c) Defendants be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against All Defendants)**

135. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

136. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code sections 12940 et seq. and section 12945.2, is to prohibit employers from discriminating against any individual on the basis of their membership in a protected class, including disability and perceived disability, or for their assertion of their rights to be free of such discrimination as provided by the Fair Employment and Housing Act. Likewise, the public policy of the State of California is to prohibit employers from discriminating, harassing, and retaliating against any individual because of their exercise of the right to family care and medical leave provided by the California Family Rights Act or because they complained about discrimination, harassment, or retaliation. It is further the public policy of the United States to prohibit employers from discriminating, harassing, and retaliating against any individual because of their exercise of the right to family care and medical leave provided by the Family and Medical Leave Act or because they complained about discrimination, harassment, or retaliation. These public policies of the State of California and United States are designed to protect all employees and promote the welfare and well-being of the community at large.

137. The acts of Defendants, and each of them, in terminating Plaintiff from her position because of her disability and/or perceived disability, because she took job-protected CFRA and FMLA leave, because she requested accommodations, and/or because she complained about disparate treatment, were wrongful and in contravention of the express public

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

policy of the State of California, to wit, the policies set forth in California Government Code sections 12940 et seq. and section 12945.2, the California Constitution, and the United States Code.

138. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest. Plaintiff also claims as damages a "tax consequence adjustment" or "gross up" to compensate her for any increased income tax liability that may arise from a lump sum damages award for economic damages.

139. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, including panic attacks and loss of confidence in her professional abilities. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

140. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents, employees, and supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

141. Plaintiff also seeks equitable remedies, including declaratory and/or injunctive relief. In addition to other equitable remedies that may be available, Plaintiff seeks a declaration that Defendants engaged in unlawful acts and/or an injunction and order requiring Defendants comply with their obligations under the California Fair Employment and Housing Act, the California Family Rights Act, the Family and Medical Leave Act, or as otherwise specified by the Court. Plaintiff further requests permanent injunctive relief, including without limitation, that

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

(a) Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's privacy; (b) Defendants be required to provide specialized training to its management and employees regarding discrimination and retaliation; and (c) Defendants be required to discipline the applicable managers and employees who participated in the wrongful acts hereunder.

**EIGHT CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 1198.5**

**(Against All Defendants)**

142. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

143. On August 29, 2025, Plaintiff, through counsel, sent correspondence to Defendant F5 via requesting a copy of her personnel file pursuant to California Labor Code section 1198.5. Defendant F5 acknowledged receipt of the email.

144. Defendants failed to provide Plaintiff with a complete copy of her personnel file. Defendant failed to failed to provide Plaintiff with copies of her performance reviews.

145. Pursuant to the Labor Code, Plaintiff seeks a penalty in the amount of $750 for Defendants' failure to provide her with a complete copy of her personnel file within thirty (30) days of her request. Plaintiff also seeks her costs and attorneys' fees pursuant to the Labor Code.

146. Plaintiff also seeks injunctive relief and requests that Defendants institute a policy and procedure in which to maintain and produce personnel files to employees upon request in a timely manner. Plaintiff further requests permanent injunctive relief, including without limitation, that Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's privacy. Plaintiff requests such other relief the court deems just and proper.

The Schlehr Law Firm, P.C.
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

**NINTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 226**

**(Against All Defendants)**

147. Plaintiff realleges and incorporates herein all preceding paragraphs of this complaint as though fully set forth.

148. On August 29, 2025, Plaintiff, through counsel, sent correspondence to Defendant F5 via requesting a copy of her payroll records pursuant to California Labor Code section 226. Defendant F5 acknowledged receipt of the email.

149. Defendants failed to provide Plaintiff a copy of her wage statements.

150. Pursuant to the Labor Code section 226(e)(1), Plaintiff seeks an award of costs and reasonable attorneys' fees.

151. Plaintiff also seeks injunctive relief and requests that Defendants institute a policy and procedure in which to maintain and produce wage statements to employees upon request in a timely manner. Plaintiff further requests permanent injunctive relief, including without limitation, that Defendants be required to post visibly in appropriate locations within its work locations notices explaining to its then current employees that it has violated one or more of the laws cited herein (and the nature of such violations) while maintaining Plaintiff's privacy. Plaintiff requests such other relief the court deems just and proper. Plaintiff requests such other relief the court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For attorneys' fees, according to proof;
5. For punitive damages, according to proof;
6. For liquidated damages, according to proof;
7. For penalties, according to proof;

8. For prejudgment interest, according to proof;

9. For a tax consequence adjustment or gross up, according to proof;

10. For costs of suit incurred herein;

11. For equitable remedies, including injunctive and declaratory relief;

12. For such other relief as the Court may deem just and proper.

DATED: May 4, 2026

THE SCHLEHR LAW FIRM, P.C.

/s/ Stacey R. Brown
SARAH B. SCHLEHR
STACEY R. BROWN
Attorneys for Plaintiff

**The Schlehr Law Firm, P.C.**
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

**The Schlehr Law Firm, P.C.**
2600 W Olive Ave., 5th Floor, # 4006
Burbank, CA 91505
(310) 492-5757

**JURY TRIAL DEMAND**

Plaintiff hereby specifically demands trial by jury.

DATED: May 4, 2026

THE SCHLEHR LAW FIRM, P.C.

_/s/ Stacey R. Brown______________
SARAH B. SCHLEHR
STACEY R. BROWN
Attorneys for Plaintiff